GRACE B. VAN DYNE, Appellant, *v.* VILLAGE OF SENECA FALLS, N. Y., Respondent.

Fourth Department, November 7, 1929.

*Daniel Moran*, for the appellant.

*William S. MacDonald*, for the respondent.

CROSBY, J.   The action is brought to recover for personal injuries suffered by plaintiff as a result of falling upon a defective sidewalk. The learned trial justice granted a nonsuit at the close of plaintiff's case.   Upon this appeal the evidence is to be considered in the light most favorable to plaintiff.   (*Lombardi* v. *New York State Railways*, 224 App. Div. 438.)   So considered the evidence fairly shows that plaintiff was walking carefully along Green street in the village of Seneca Falls, which was a much-traveled street, and well built up, although plaintiff had used the street very infrequently and was not acquainted with its condition.   It was in the evening, extremely dark, and there were no street lights near, and the darkness was enhanced by large trees standing close together.   The sidewalk was four feet wide, made of cement.   At a private driveway, where plaintiff fell, the cement walk had been broken away upon both sides, the two holes being opposite each other so that only fifteen and one-half inches of walk remained intact between the two holes. The two holes appear to be approximately the same size and shape, the one on the side where the plaintiff fell being forty-eight inches long (measured lengthwise of the walk), and while its width is not given it must have been nearly seventeen inches wide, considering that the two holes covered the entire width of the walk, lacking fifteen and one-half inches in the center.   The hole where plaintiff fell was two and one-half inches deep, measured at the edge of the broken cement, and somewhat deeper in other places, and the

bottom of the hole was uneven, and covered with broken pieces of cement. There was no overhang of the broken edge of the walk and plaintiff did not get her foot caught or fastened anywhere.

Various witnesses testified to the length of time the walk had been in the condition outlined. One testified to seeing the walk in substantially the same condition for one year; several others to seeing the same thing for three years, and one to seeing it for four years.

Two apparently disinterested witnesses testified to falling at the same place before, one about two weeks before the plaintiff was injured, and one a considerable time before. One witness, the father of plaintiff, testified to having notified the street superintendent of the defective condition of the walk some time before the accident. This witness also notified a Mr. Doan whose relation to the village government does not appear. In appellant's brief he is said to have been the mayor, and respondent does not dispute that claim.

The photographs in evidence are enlightening. Plaintiff fell at the hole on the inside of the walk. At the same time her sister, who was walking on the outside, also fell.

In this state of the record we think issues were presented that should have been passed upon by a jury. We are not unmindful of the decisions in such cases as *Hamilton* v. *City of Buffalo* (173 N. Y. 72); *Lalor* v. *City of New York* (208 id. 431); *Beltz* v. *City of Yonkers* (148 id. 67); *Kuhn* v. *Village of East Syracuse* (209 App. Div. 186); *Eger* v. *City of New York* (239 N. Y. 561); *Butler* v. *Village of Oxford* (186 id. 444) and many other cases.

The *Hamilton* and *Lalor Cases* (*supra*) were both cases where the defect was in the paved portion of the street dedicated to vehicular traffic. One might reasonably expect a better condition for walking in sidewalks where only pedestrians travel and where the ground is more shaded and obscured by trees and buildings, and less lighted by street lamps. *Beltz* v. *City of Yonkers* (*supra*) was a sidewalk case, but the walk was eight feet wide and the hole was in the center and was only seven and a half inches wide and the court stressed the fact that there was " ample width of flagging on either side." It also appeared that " the walk, in this condition, had been used by the public for years, and it appears that no accident had resulted from such use before." In the instant case there was left only fifteen and a half inches to walk upon, and there had been two accidents before the one involved in this case.

In *Butler* v. *Village of Oxford* (*supra*) it was said: " There were electric lights in the vicinity, which threw their light upon the stone and enabled plaintiff to see," etc. Also: " There not only was no

evidence that anybody else had ever stumbled at this point, but upon the other hand, there was evidence of the use of this walk by a large number of people  *  *  *  without any resulting accident." Also: " It is a matter entitled to some consideration that the situation complained of was not the result of breakage or wear which had impaired the original condition of the walk, and which fact of itself sometimes quite strongly suggests the inference of negligence." And again: " Each case must necessarily depend upon its particular features."

In the instant case there were no lights; the street was very dark, and the defect complained of was entirely due to breakage and wear. In *Eger* v. *City of New York* (*supra*) the facts are not fully reported, and in *Kuhn* v. *Village of East Syracuse* (*supra*) this court conceded that there was a question of fact for a jury to decide by reversing a judgment for plaintiff and ordering the case back for a new trial.

It would not be profitable to review all the sidewalk cases that have been decided by the appellate courts. Different cases are similar but never exactly alike. We think that the combination of circumstances in this case — the dark, unlighted street, the narrow walk, the two holes opposite each other so as to leave only fifteen and one-half inches to walk upon, the previous accidents, the fact that the defect was due to wear and irregular breakage of the cement — all these make a proper case for the judgment of a jury.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

All concur, except THOMPSON, J., who dissents and votes for affirmance in an opinion. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

THOMPSON, J. (dissenting). The depth of the hole was two and one-half inches. It was located in the wheel track of a driveway on a side street of a village. Plaintiff's foot was not caught nor was she tripped. In my view the holding of the trial judge that the difficulty complained of was not negligence as matter of law is right. In *Hamilton* v. *City of Buffalo* (173 N. Y. 72) plaintiff stepped upon the edge of a hole in a walk formed by the wheels of heavily loaded trucks which had caused a rounded depression, thirty-four inches long, twelve inches wide and four inches deep in the form of a letter V. In reversing the judgment of the Appellate Division, Fourth Department (55 App. Div. 423), which reversed the judgment of the trial court in dismissing the plaintiff's complaint, the Court of Appeals said: " The authorities of a city are not

required to keep the streets in an absolutely perfect condition, for this would be practically impossible. All kinds of pavements that have heretofore been discovered and used are subject to wear and some displacements when used by heavily laden vehicles, and this cannot be prevented."

In *Eger* v. *City of New York* (239 N. Y. 561) the trial court charged that if the hole was less than four inches deep but was obscured by shadows, a question of fact as to the liability of the city was presented, and refused to charge that if the jury found the depression to have been less than four inches then the city was not liable. The hole was in the sidewalk on Bedford avenue, in the city of Brooklyn, over one hundred feet from the nearest street light. The Appellate Division in reversing held that the charge and refusal were both error (206 App. Div. 718), and the Court of Appeals affirmed.

In *Smith* v. *City of New York* (223 N. Y. 608) plaintiff, while walking on Franklin street in the city of Brooklyn, stepped into a hole in the sidewalk and fell and sustained injuries. The hole was in the form of a triangle, the base of which was nine inches long and two other sides twenty-two and twenty inches in length respectively. Plaintiff was approaching towards the apex. She claimed that she stepped into the hole and tripped over the side, falling forward. The hole was not to exceed three and one-half inches deep. In the Appellate Division ·(177 App. Div. 899) plaintiff's judgment was reversed and the complaint dismissed on the ground that the evidence was not sufficient to warrant submission of the case to the jury. In affirming the judgment the Court of Appeals held that the existence of a depression in a sidewalk of at most three and one-half inches at its deepest part, without unusual features or circumstances being shown, does not import negligence on the part of the city.

In *Vanderborg* v. *City of New York* (158 App. Div. 297, opinion by Presiding Justice JENKS) the following request to charge was made and refused, and exception noted: "If the jury finds that this depression between the sidewalk and the dirt space did not exceed three inches in depth and the plaintiff fell, assuming that he did fall by simply putting his foot into a depression three inches in depth and so received his injury, the city is not liable." Upon the appeal Presiding Justice JENKS said: "I think that the exception was well taken and is fatal to the judgment," and he follows with a review of the cases of this type in the Court of Appeals. As said by COLLIN, J., in *Lalor* v. *City of New York* (208 N. Y. 431, 433) (hole four inches deep, "about as large as the head of a barrel, * * * *and extended from the edge of the crossing which the respond-*

*ent was using at the time she was injured*"): "There are no circumstances revealed by the evidence which lessen or mitigate the effect of our decisions as authority that as matter of aw the existence of the hole, as described by the witness, did not charge the defendant with negligence." "The recent tendency of the law as evidenced by legislative enactment has been in the direction of making less rather than more stringent the rules of municipal liability in such cases, and directing our considerations to the precise facts here presented, we think that we should be disregarding those principles of liability which are justified by reason and public policy if we should permit a recovery." (*Gastel* v. *City of New York*, 194 N. Y. 15.)

The pertinency of this statement by the Court of Appeals, which lays down the policy of our courts in cases of this sort, is at once apparent when the constantly increasing motor traffic, both in the number of vehicles and the weight of their loads, is considered.

In *Kuhn* v. *Village of East Syracuse* (209 App. Div. 186), a case in this department, with opinion by Presiding Justice HUBBS, plaintiff's toe caught in the ragged edge of the concrete at the side of the hole. The hole was thirty-two inches long, eight inches wide, from two to three inches deep, and obscured from sight by snow and slush. There was evidence that one other person stepped into the hole on a dark night and fell. Presiding Justice HUBBS in writing to reverse said: "It is common knowledge that concrete walks will sometimes chip and break if heavy vehicles are backed against them or heavy substances are dropped upon them. To hold the village liable because this particular place had not been repaired would place upon it too strict a liability." It seems to me that this is an authority which we should follow in the decision of this case. I cannot agree with the statement in the prevailing opinion that the ordering of a new trial was equivalent to a contradiction and repudiation of the express holding of the case to the effect that the village was not guilty of negligence as matter of law. I am impressed that the average trial judge, being himself in the exercise of ordinary care, would make no such deduction but would be guided entirely by the clear and express holding of the opinion.

In the case at bar the plaintiff claims to have fallen by reason of her stepping in the hole on the right side of the sidewalk and I fail to see the significance of the presence of the other hole so far as her accident is concerned, she having fifteen and one-half inches of good walk between her and it. The two other, so-called, accidents are of very little materiality, neither having occurred at the point of this accident. One was definitely proved to have occurred at the other hole, and the other in the middle of the sidewalk where

the fifteen and one-half inch expanse of good walk was located. Notice to the village could not be inferred from this testimony. (*Hesse* v. *City of New York*, 185 App. Div. 707, 711; *Terry* v. *Village of Perry*, 199 N. Y. 79; *Gastel* v. *City of New York, supra*.)

The ruling of the trial judge was in plain and accurate conformity with the holding of the courts of the State on this subject, both as to the law and the facts, and the judgment should be affirmed.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.