FLORA MOORE, Respondent, *v.* THE CITY OF LOCKPORT, N. Y., Appellant.

Fourth Department, January 29, 1930.

*George C. Lewis* [*George W. Riley* of counsel], for the appellant.

*Roy H. Ernest,* for the respondent.

EDGCOMB, J.  While walking along the northerly sidewalk of Walnut street in the city of Lockport, on the evening of January 27, 1927, the plaintiff stepped into a hole, and was thrown to the ground, and broke her wrist.

The sidewalk at the point of the accident was built in 1925, and was made of concrete. The hole was shaped like a saucer; it was circular in form, twelve inches in diameter at the surface of the walk, and six inches at the bottom; it was two inches in depth at the center. It was left in the walk to enable the city employees to reach a valve used to shut off the city water running into the adjacent residence. The bottom of the hole consisted of a cast iron cover, which served to protect the water valve. The depression was about one foot from the outer edge of the walk; there was ample space on the inside of the hole for two persons to walk abreast. There was no other imperfection in the sidewalk at or near this

point. The city had constructive, if not actual, notice of this condition.

A municipality is only required to use ordinary care to keep its streets in a reasonably safe condition for travel. It is not an insurer of the safety of those who use its highways. It has repeatedly been held that a city cannot be chargeable with negligence in failing to repair a defect of the size and character of the hole in question. (*Beltz* v. *City of Yonkers*, 148 N. Y. 67; *Hamilton* v. *City of Buffalo*, 173 id. 72; *Butler* v. *Village of Oxford*, 186 id. 444; *Gastel* v. *City of New York*, 194 id. 15; *Terry* v. *Village of Perry*, 199 id. 79; *Lalor* v. *City of New York*, 208 id. 431; *Smith* v. *City of New York*, 223 id. 608; *Eger* v. *City of New York*, 239 id. 561; *Kuhn* v. *Village of East Syracuse*, 209 App. Div. 186; *McCoy* v. *City of Utica*, 143 id. 634; *Vanderborg* v. *City of New York*, 158 id. 297; *Duffy* v. *City of New York*, 149 id. 478; *Henry* v. *City of New York*, 119 id. 432; *Schall* v. *City of New York*, 88 id. 64.)

There was no unusual feature or circumstance connected with the walk in question which takes this case out of the rule laid down in the above authorities, or which tends to render the present situation such that danger could reasonably be anticipated to result to a traveler using the street. The hole was regular in form; the cement was not broken or irregular; there was nothing which could catch and hold the foot of a pedestrian.

Respondent seeks to distinguish the instant case from those above cited, by the fact that the city had laid a water main under the walk, and that the depression was made when the walk was rebuilt. It is immaterial whether the hole was left at that time, or whether it was gradually formed by the breaking and wearing away of the cement. It was the depression itself, and not its cause, which was responsible for the accident. It is no more or less a hole, whatever may have been its origin. The city knew that it was there, and if it was such as to render the walk unsafe for ordinary use, a duty rested upon the municipality to make the necessary repairs, no matter how the condition arose.

The character of the defect here under consideration was very different from that which existed in the case of *Van Dyne* v. *Village of Seneca Falls* (227 App. Div. 140). In that case the cement walk had been broken and worn away on both sides, the two holes being opposite each other, so that only fifteen and one-half inches of the walk remained. The hole varied in depth, being two and one-half inches deep at the point of the accident. It was forty-eight inches long, and substantially seventeen inches wide. The bottom was uneven and was covered with broken pieces of cement.

We think that the defect in question was too insignificant to charge the city with negligence, and that the defendant's motion for a nonsuit should have been granted.

The judgment should be reversed, and the complaint dismissed.

All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Crosby, JJ.

Judgment reversed on the law. with costs, and complaint dismissed, with costs.