Rochester Trust and Safe Deposit Company, Appellant, v. Rodney S. Hatch and Greeta Gray Hatch, His Wife, Respondents.— Order affirmed, with ten dollars costs and disbursements. Memorandum: This case differs from the case of *Johnson* v. *Meyer* (268 N. Y. 701), in that here the action is to recover principal, interest, and amounts paid for taxes upon the mortgaged property, while in *Johnson* v. *Meyer* (*supra*) the action was for interest and for reimbursement of money paid for taxes alone, and it does not appear whether the principal was due or whether the principal may have been waived. The bond upon which this action is brought was conditioned upon the repayment of the loan, including principal and interest, and according to its terms the reimbursement of moneys paid by the obligee for taxes on the property covered by the mortgage accompanying the bond. All these obligations, which are in essence one, in our opinion originated simultaneously with the mortgage and were solely secured thereby within the meaning of section 1083-b of the Civil Practice Act. All concur. (The order denies a motion to strike out separate defenses in an action to recover upon a bond which was secured by a mortgage.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

Adelbert Ayers, Respondent, v. Village of Herkimer, Appellant.— Judgment and order affirmed, with costs. All concur, except Taylor and Crosby, JJ., who dissent and vote for reversal on the law and for dismissal of the complaint, in the following memorandum: While each case must be judged upon its own peculiar facts, this case does not differ greatly from *Moore* v. *City of Lockport* (228 App. Div. 162) and *Zagorski* v. *City of Buffalo* (244 id. 761). We do not regard the defect in the sidewalk, in this case, as sufficiently serious to cause reasonable persons to anticipate an accident therefrom. According to plaintiff's own testimony the cap to the water shutoff which caused plaintiff to fall was too high to constitute a trap that could catch and hold plaintiff's foot. (The judgment is for plaintiff in an action for personal injuries sustained by falling over water valve protruding above sidewalk. The order denies a new trial on the minutes.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

Henry J. Tubbs and May Tubbs, Respondents, v. New York State Natural Gas Corporation, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order denies a motion to dismiss the complaint in an action to determine that a lease had expired and cancel an incorrect record of the same.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

Edwin Layer and Others, Respondents, v. City of Buffalo, Appellant.— Judgment of the Special Term reversed on the law and judgment of the City Court affirmed, with costs in the Special Term and in this court. All concur. (The judgment reverses a judgment of nonsuit of the City Court of Buffalo and grants a new trial in an action to recover damages to property sustained by breaking of a water main.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

George M. Thomas, Respondent, v. Thomas E. Burchell and Another, Appellants.— Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff for personal injuries in an automobile negligence action. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.