JOHN K. WHITE and Others, as Trustees, etc., Plaintiffs, *v.* GLADYS M. WIELANDT and Others, Defendants.

County Court, Nassau County, December 5, 1939.

*Hurd, Hamlin & Hubbell* [*Francis B. Hamlin* and *August J. Hovorka, Jr.*, of counsel], for the plaintiffs.

*Krakower & Peters* [*Charles C. Peters* of counsel], for the defendants Wielandt.

JOHNSON, J. On November 28, 1928, the defendants Wielandt made and executed a bond and mortgage in the principal sum of $30,000, of which bond and mortgage the plaintiffs are now the owners. Having been made prior to July 1, 1932, the bond and mortgage are subject to the provisions of the so-called moratorium legislation, chapters 793 and 794 of the Laws of 1933, as amended. The defendants having defaulted in the payment of a semi-annual installment of interest and in the payment of a town tax and a school tax, which the plaintiffs thereupon paid, the latter have now instituted an action containing four causes of action, (1) to foreclose the mortgage in the principal sum of $30,000, the plaintiffs having elected to declare the principal due for the non-payment of interest and taxes; (2) an action to recover the unpaid installment of interest; (3) an action to recover the unpaid town tax which the plaintiffs have paid; (4) an action to recover the unpaid school tax which the plaintiffs have paid.

Plaintiffs move for an amendment of their complaint which is not contested and is allowed. By their answer, the defendants have set up affirmative defenses substantially as follows:

To the first cause of action to foreclose the mortgage, they set up as a defense that the market value of the mortgaged premises equals or exceeds the amount of the indebtedness. Similar defenses are set up to the causes of action as to interest and taxes, namely, that the market value of the premises equals or exceeds the principal of the bond and mortgage plus the arrears of interest and taxes. The answer also sets up, as affirmative defenses, that the claims for interest and taxes are part of the single mortgage indebtedness which is included in the first cause of action and that the plaintiffs may not recover, therefore, upon separate causes of action for interest

and taxes. The substance of these defenses is that a recovery on the separate causes of action for interest and taxes would be contrary to law and to public policy under section 1083 of the Civil Practice Act, and that such section provides an exclusive remedy by way of a deficiency judgment for all amounts payable under a bond and mortgage and, therefore, prohibits a recovery on the separate causes of action because of the pendency of the action to foreclose the mortgage and the failure of the plaintiffs to obtain permission to maintain the separate causes of action.

The plaintiffs move to strike out from the answer so much of the affirmative defenses as relate to the second, third and fourth causes of action, to sever those causes of action from the first cause of action, for judgment on the pleadings in favor of the plaintiffs against the defendants on those causes of action without prejudice to the plaintiffs' rights on the first cause of action.

By cross-motion, the defendants have moved to dismiss the second, third and fourth causes of action, or, in the alternative, for an order staying the plaintiffs from proceeding thereon.

It would seem, therefore, that the question raised by the pleadings and the motions is whether, as claimed by the defendants, a mortgagee who commences an action to foreclose a mortgage is restricted to his relief in that action and may not bring separate actions or causes of action for unpaid interest and taxes; or whether, as contended by the plaintiffs, the latter may sue for the unpaid interest and obtain judgment without prejudice to their right to foreclose the mortgage.

In *Johnson* v. *Meyer* (242 App. Div. 798; affd. without opinion, 268 N. Y. 701) the complaint alleged the making of the bond and mortgage and the agreement therein by the defendant to pay interest semi-annually and to pay taxes as they accrue. The action was not brought to recover the principal of the bond or to foreclose the principal of the mortgage but was brought only to recover unpaid installments of interest and, also, unpaid taxes which had been paid by the plaintiff. The defendant, by answer, alleged that the market value of the property exceeded in amount " all sums due the plaintiff under the bond " and that, therefore, under section 1083-b of the Civil Practice Act, the plaintiff may not have judgment if the fair and reasonable market value of the property equals or exceeds the amount which might be claimed as a deficiency and that the fair and reasonable value of the premises there in question was not less than the amount recoverable as a deficiency. The Appellate Division held that sections 1077-a, 1077-b and 1083-b of the Civil Practice Act do not prevent the plaintiff from suing for interest which had accrued and was unpaid and for taxes which

had become due, were unpaid and had been paid by the plaintiff, Mr. Justice HAGARTY concurring as to the taxes but dissenting as to the interest. The Court of Appeals affirmed the Appellate Division without opinion. (*Johnson* v. *Meyer, supra.*) Hence, it was definitely determined in that case, with respect to a bond and mortgage subject to the Moratorium Acts, that the owner of the bond and mortgage might sue and recover unpaid interest and taxes and that the market value of the premises was no defense to such an action. Section 1083-b of the Civil Practice Act provides that in an action upon the bond to recover a judgment " for any indebtedness secured by a mortgage," any party against whom a money judgment is demanded may set off the fair and reasonable market value of the mortgaged property.

It seems necessarily to follow, therefore, from the decision in *Johnson* v. *Meyer* (*supra*) that the words " indebtedness secured by a mortgage " refer only to the principal of the bond and mortgage and not to arrears of interest and/or taxes. In that case, however, no question was raised with reference to the right of the plaintiffs to proceed to recover upon the bond or by foreclosure of the mortgage as, there, the action was solely to recover arrears of interest and taxes.

Shortly thereafter, however, exactly that question was presented ( *Union Trust Co. of Rochester* v. *Kaplan*, 247 App. Div. 588; 249 id. 280). There, the plaintiff sought a declaratory judgment with respect to its right as a mortgagee to bring actions at law to recover arrears of interest and taxes without thereby forfeiting its right to recover the principal by action on the bond or by foreclosure of the mortgage. The question, therefore, was squarely presented whether a mortgagee, the principal of whose bond and mortgage was due together with arrears of interest and taxes thereon, had a single and indivisible cause of action or whether there existed separate causes of action to recover arrears of interest and taxes and a separate cause of action to recover on the bond and mortgage. The court held that the cause of action was not a single and indivisible one but should be considered as arising out of an agreement on the part of the mortgagor to do three separate things: (1) to pay the principal when due, (2) to pay installments of interest as they accrued semi-annually, and (3) to pay the taxes within a specified time after they became due. The determination of the court, therefore, was that there were three separate causes of action and that the plaintiff might sue and recover judgment for arrears of interest and taxes without forfeiting or prejudicing its right to sue for or recover the principal of the mortgage indebtedness. This decision was in December, 1936. The Supreme Court at Special

Term had held similarly in September, 1936. (*Union Trust Co. of Rochester* v. *Simpson*, 160 Misc. 836.)

In the same month of December, 1936, the Appellate Division of the Second Department made a similar determination. (*Werbelovsky* v. *Rosen Bros. News Agency, Inc.*, 249 App. Div. 758.) In that case the plaintiff had brought an action to recover the principal of the bond and, in the same action, to recover the arrears of interest on the bond. The defendant had interposed section 1083-b of the Civil Practice Act as a defense not only to the cause of action to recover the principal but also as to the cause of action to recover the interest. At Special Term the plaintiff was given judgment for both principal and interest. The Appellate Division reversed as to principal but affirmed as to interest, holding that section 1083-b of the Civil Practice Act was a defense only to the cause of action seeking recovery of the principal and that such determination was without prejudice to the plaintiff's right to bring action to foreclose the mortgage if so advised. The court there said: " Assuming, therefore, that the properties in question were of a value that precluded any judgment in favor of the plaintiff for the unpaid principal or any part thereof as of the time inquiry was made, the plaintiff may not be denied judgment for the amount of interest due as of that date." This decision further confirms what was said above, namely, that the word " indebtedness," as used in the statute, referred to the principal of the bond and mortgage alone and not to that principal plus arrears of interest, and that, in the case of a bond and mortgage, the maker thereof assumes three obligations, namely, to pay the principal, to pay the interest and to pay the taxes, which are separate obligations and may be sued upon separately.

In the following month, January, 1937, this was confirmed by the Court of Appeals (*Rochester Trust & Safe Deposit Co.* v. *Hatch*, 248 App. Div. 945; revd. without opinion, 273 N. Y. 507). The complaint there alleged seven causes of action, the first to recover the principal of the bond, the second, third and fourth to recover several unpaid installments of interest, and the fifth, sixth and seventh to recover accrued taxes which had been paid by the plaintiff. The answer set up section 1083-b of the Civil Practice Act as a defense to all the causes of action, alleging that the fair and reasonable value of the property exceeded the amount due the plaintiff for principal, interest and taxes. The Appellate Division pointed out that the question presented differed from that presented in *Johnson* v. *Meyer* (*supra*), because the plaintiff in the case under consideration was seeking to recover the principal of the bond as well as arrears of interest and taxes whereas the plaintiff in the

*Johnson* case sought to recover such arrears of interest and taxes only. That court held, however, that the obligation of the maker of the bond was not only to pay the principal but, also, to pay interest and taxes, and that these three obligations were substantially one, single and indivisible, and were, therefore, protected by section 1083-b of the Civil Practice Act. Upon appeal to the Court of Appeals, the question certified was: " Should plaintiff's motion to strike out the defenses under section 1083-b of the Civil Practice Act to the causes of action to recover the interest and taxes have been granted? " The answer of the Court of Appeals was in the affirmative. Consequently, the order was reversed and the motion to strike out granted as to the defenses to those causes of action. Motion for reargument was denied (273 N. Y. 581).

It seems clear to this court that this was a definite determination that a mortgagee might, in a single complaint, sue for the principal of the bond, sue, also, for arrears of interest and sue, likewise, for unpaid taxes which he had paid, and that section 1083-b of the Civil Practice Act would be a valid defense only to the cause of action seeking recovery of the principal of the bond and mortgage. The conclusion is inescapable that here was a definite determination that three separate causes of action exist in such a case and that the mortgagee may proceed to recover judgment for arrears of interest and taxes and still maintain his action to recover the principal of the bond, in that action, however, being subject to the defense of market value of the property under section 1083-b of the Civil Practice Act. From this, I can reach no other conclusion than that, by the use of the word " indebtedness," the Court of Appeals has held that the Legislature intended to and did refer only to the principal amount of the bond and mortgage. That being so in a case where the mortgagee sues to recover both the principal of the bond and arrears of interest and taxes thereon, can the situation be different when he sues to foreclose the mortgage and, at the same time, to recover arrears of interest and taxes thereon? Irrespective of the so-called moratorium legislation, the statute has for years provided that where final judgment for the plaintiff has been rendered in an action " to recover any part of the mortgage debt," an action shall not be commenced or maintained to foreclose the mortgage unless execution on the said judgment has been returned wholly or partly unsatisfied; and that while an action to foreclose a mortgage is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained " to recover any part of the mortgage debt " without leave of the court. (Civ. Prac. Act, §§ 1077, 1078.)

The inescapable result of the decisions above discussed is that the words "mortgage debt," as used in those two sections, necessarily refer to the principal of the bond and mortgage and not to that principal plus arrears of interest and taxes; for if those words were taken to have the latter meaning, it would seem necessarily to follow that separate actions to recover arrears of interest and taxes could not be maintained simultaneously with an action to foreclose the mortgage or to recover the principal of the bond. Yet, the decisions referred to have definitely held that an action may be brought to recover the principal of the bond and, in the same action, to recover, separately, the arrears of interest and taxes, and that the obtaining of judgments in the separate causes of action for arrears of interest and taxes does not forfeit or prejudice the mortgagee's right to recover the principal of the mortgage by foreclosure. To be sure, in the case above referred to of *Union Trust Co. of Rochester* v. *Kaplan,* the plaintiff did not include a cause of action to foreclose the mortgage in its action to recover the arrears of interest and taxes, but the determination of the court there was that the recovery of judgment for such arrears did not work a forfeiture of the plaintiff's right to foreclose the mortgage. More recently, in the First Department of the Appellate Division, the exact situation arose which is here presented. (*Rossbach* v. *Aurora Holding Corp.* 252 App. Div. 842.) In that case, as in this, the complaint set forth three causes of action, as follows: (1) An action to foreclose the mortgage for the defendant's failure to pay interest and taxes; (2) an action to recover taxes paid by the plaintiffs, and (3) an action to recover the unpaid interest. The defendant alleged as a defense that the unpaid interest and taxes constituted part of the mortgage debt, that an action to foreclose was pending and that the plaintiffs had not obtained the permission of the court to maintain an action to recover any part of the mortgage debt; and, furthermore, that the market value of the mortgaged property exceeded the sum sought to be recovered. The plaintiffs' motion for summary judgment was denied at Special Term, apparently, upon the theory that it was an attempt on the part of the plaintiffs to obtain double payment. There was a unanimous reversal in the Appellate Division and the plaintiffs' motion was granted upon the authority of *Johnson* v. *Meyer* and *Rochester Trust Co.* v. *Hatch* (*supra*). Thus, the Appellate Division in the First Department felt, as does this court, that those decisions by the Court of Appeals effectively decided the question and held that the causes of action are separate, that section 1083-b is a defense only to the recovery of the principal and not to the interest and taxes and that pursuing the separate causes of action for interest and taxes to judgment did not afford the plain-

tiffs double relief or double payment and did not prejudice the plaintiffs' right to proceed with foreclosure of the mortgage. It would seem that this is logically correct. If, in the case now under consideration, the causes of action to recover arrears of interest and taxes proceed to judgment and are paid or collected, the defendants would be entitled under the statute, upon payment of costs, to dismissal of the action to foreclose the mortgage. (Civ. Prac. Act, § 1077-e.) On the other hand, if the judgments thus obtained are not paid or collected and the plaintiffs proceed to judgment of foreclosure and sale, the amount due can be only the principal of the mortgage and cannot include the unpaid interest and taxes for which the plaintiffs have already obtained separate judgments. Therefore, I am unable to see any difference between the case where the plaintiff brings action to recover judgment on the bond and, also, to recover judgments for unpaid interest and taxes and the case where he brings an action to foreclose the mortgage and, in that action, seeks to recover judgments for unpaid arrears of interest and taxes. Under the moratorium legislation, in the former case, the market value of the property may be interposed as a defense to the action to recover the principal amount of the bond, and, in the latter case, the market value of the property may be interposed as a defense to the plaintiff's motion for a deficiency judgment following the sale. Hence, in neither case would there be a double recovery for the plaintiff.

It is urged by the defendants, however, that the amendment of section 1083 of the Civil Practice Act by chapter 510 of the Laws of 1938 has so changed the situation that the effect of the decisions above referred to is nullified. I am unable to concur in that contention. By that amendment, the provisions of section 1083-a of the Civil Practice Act, effective only during the emergency with respect to the method of obtaining a deficiency judgment, were made applicable generally and were made so applicable not only to mortgages thereafter made, but to mortgages then existing. Its constitutionality was questioned in so far as it purported to be retroactive. It was sustained by this court in the unreported decisions of *Ehrenberg* v. *Green* and *Lawrence-Cedarhurst Bank* v. *Glickman*, by the Supreme Court at Special Term in *Otselic Valley Nat. Bank* v. *Dapson* (170 Misc. 514) and *Tompkins County Trust Co.* v. *Herrick* (171 id. 929) and by the Appellate Division in the Second Department in *National City Bank* v. *Gelfert* (257 App. Div. 465). Obviously, this is not of importance in the present case because the mortgage here under consideration is controlled by the so-called emergency legislation and, therefore, by sections 1083-a and 1083-b of the Civil Practice Act. However, those decisions are

of importance because they rested upon the proposition that the amendment of section 1083 of the Civil Practice Act, providing for the method of obtaining deficiency judgments, affected the remedy only and was designed to make that remedy available in all cases irrespective of the emergency. The reason therefor, as stated by the report of the joint legislative committee, was that the provisions contained in section 1083-a of the Civil Practice Act, applicable only during the emergency, were considered to be fair both to the mortgagor and mortgagee in normal times as well as in emergency times and that such provisions might well be continued beyond the emergency period as a permanent part of the Civil Practice Act. It seems quite clear, therefore, that the legislative intent in amending section 1083 of the Civil Practice Act was solely to continue the emergency method of obtaining deficiency judgments beyond the expiration of the emergency. That it was not the legislative intent to destroy the effect of the decisions above referred to is also made apparent by legislation which failed of enactment in 1938 and 1939. Thus, in 1938, Senate Bill Introductory No. 615 would have added to the Civil Practice Act sections 1083-aa and 1083-bb so as to make their provisions applicable expressly to any action to recover judgment arising out of non-payment of interest or taxes, and the same was true of Senate Bill Introductory No. 617 to amend section 1083-b of the Civil Practice Act. Both bills were vetoed by the Governor. The latter bill, in substance, was reintroduced in 1939 by Senate Introductory No. 1994 but was not reported out of committee and was not voted upon.

From what has been said, this court reaches the conclusion that the plaintiffs' motions must be granted and those of the defendants denied. The result is that the affirmative defenses set up by the defendants to the causes of action to recover arrears of interest and taxes must be stricken out, that those causes of action be severed from the first cause of action and that the plaintiffs have judgment on the pleadings upon those causes of action as thus severed for the amounts due for unpaid interest and taxes; and that such judgments do not forfeit or prejudice the right of the plaintiffs, if so advised, to proceed to foreclosure for principal only of the mortgage in the event that the defaults in payment of interest and taxes are not remedied.