JULIA L. LEVINSON, Appellant, v. LOUIS ROSOVSKY and Others, Defendants, and LOUIS MEADVIN, BERTHA MEADVIN and MORRIS MEADVIN, Respondents.— Judgment and order reversed on the law, with costs, and motion of defendants Meadvin denied, without costs, and plaintiff's motion for an order striking out the answer and granting summary judgment granted, with costs. Memorandum: Each of the instruments Exhibit A and Exhibit B is to be construed as containing a promise on the part of the respondents to pay the mortgage debt, with interest thereon, at the termination of the time therein designated. The so-called moratorium laws (Civ. Prac. Act, §§ 1077-b–1077-g, 1083, 1083-a, 1083-b) in effect automatically extend the payment of principal of the mortgages therein designated from the original due date thereof to the end of the moratorium period. As a result interest would accrue and become due on interest dates similar to those fixed in a mortgage until the end of the period of moratorium. Unpaid interest and taxes falling due during the moratorium may be recovered from the mortgagor by action. (*Johnson* v. *Meyers*, 242 App. Div. 798; affd., 268 N. Y. 701; *Rochester Trust & Safe Deposit Co.* v. *Hatch*, 273 id. 507, revg. 248 App. Div. 945; *Union Trust Co. of Rochester* v. *Kaplan*, 249 id. 280; *Bank of New York*, v. *Blumenthal*, 285 N. Y. 598.) One who assumes a mortgage debt stands in the place and stead of the original obligor on the mortgage and is, therefore, responsible in suit for such unpaid interest and taxes. (*Weinstein* v. *Empire Trust & Guarantee Co.*, 257 App. Div. 867.) All concur. (The judgment dismisses plaintiff's complaint on motion of defendants Meadvin, in an action to recover interest due on two bonds and mortgages. The order denies plaintiff's motion under rule 113 of the Rules of Civil Practice to strike out defendants' answer and for judgment, and grants defendants' motion to dismiss plaintiff's complaint.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.