FLORENCE D. KIRSCHNER, Plaintiff, v. MOLLIE COHN et al., Defendants.*

Supreme Court, Special Term, Kings County, July 13, 1945.

*Cf. *Egan* v. *Carroll-Garfield Corp.,* 185 Misc. 530.

*Samuel S. Isaacs* for defendants.

*Simon B. Schwartz* for plaintiff.

COLDEN, J. This is an action to recover the sum of $18,000, with interest from December 1, 1937. The liability arises out of a bond given by the defendant Mollie Cohn and one Fannie Weisberg under seal on December 1, 1922. The bond accompanied and was secured by a mortgage on certain real estate in the borough of The Bronx, city of New York, although the lien of the mortgage has since been extinguished by the sale of the property on June 14, 1944, upon the foreclosure of a superior lien. Maturity date of the said bond and mortgage was the first day of December, 1932. Payments were made on account and in reduction of the said bond and mortgage up to and including December 1, 1937. Interest was due and payable at the rate of 6% per annum on the first days of December and June.

A second cause of action incorporated in the complaint is based upon an alleged fraudulent conveyance by the defendant Mollie Cohn to the defendant Gertrude Cohn of an undivided one-half interest in a certain other parcel of real estate which is located in the borough of Brooklyn, city of New York. Plaintiff demands judgment against the defendant Mollie Cohn for the sum of $18,000 and a further judgment declaring fraudulent and void and setting aside the conveyance of the Brooklyn property by Mollie Cohn to Gertrude Cohn.

The defendants move to dismiss the first cause of action under subdivision 6 of rule 107 of the Rules of Civil Practice on the ground that the cause of action therein set forth did not accrue within the time limited by law, and further move to dismiss the second cause of action on the ground that the same did not state facts sufficient to constitute a cause of action. If the first cause of action is vulnerable to attack by reason of the running of the Statute of Limitations, the plaintiff's status as an alleged creditor of the defendant mortgagor ceases

to exist, and she is no longer in a position to question the validity of the claimed fraudulent transfer. The motion with respect to the second cause of action therefore requires no independent discussion.

As hereinbefore stated the bond and mortgage in question were executed on December 1, 1922. They became due on December 1, 1932. The last payment of interest established was that of December 1, 1937. On this last-mentioned date the mortgage moratorium statutes were in full force and effect. Were it not for the existence of such statutes the Statute of Limitations would have commenced running from the time of such last payment of interest on December 1, 1937, and under the provisions of section 47-a of the Civil Practice Act the period of time in which the plaintiff might have commenced her action would have expired on September 1, 1944. The effect must be considered therefore of the provisions of the mortgage moratorium statutes on the limitation of plaintiff's right to commence suit.

Section 1077-a of the Civil Practice Act (added by L. 1933, ch. 793 as amd.) provides that any installments or amortization of principal or principal which had or should become due prior to July 1, 1934, shall become and be due and payable six months after the expiration of the emergency period. This emergency period has been extended by successive Legislatures so that the same now terminates on the first day of July, 1946. Section 1077-b of the Civil Practice Act provides that no suit may be maintained upon any bond secured by a mortgage on real estate unless the action or proceeding is maintainable to foreclose the said mortgage. It is thus clear that the enactment of sections 1077-a and 1077-b had the immediate effect of extending the payment of the principal amount of this mortgage and the bond which the same secured until six months after the termination of the emergency. (*Levinson* v. *Rosovsky,* 263 App. Div. 793, affd. 288 N. Y. 559.) As a result of such extension, interest would accrue and become due thereafter on interest dates similar to those fixed in the mortgage.

Upon a default in the payment of interest during this extended period the whole of the remaining principal sum would not necessarily become at once due and payable, but under the pro-

visions of section 1077-a of the Civil Practice Act the plaintiff, holder of the bond and mortgage set forth in the complaint, would possess, otherwise unaffected by the act, all of the rights and remedies granted her under the terms of the bond and mortgage.

Clause 4 of the mortgage in part provided that the whole of said principal sum shall become due after default in the payment of any installment of principal or of interest for twenty days. Subdivision 2 of section 254 of the Real Property Law requires this clause to be construed as providing that the whole of said principal sum shall become due at the option of the mortgagee or assignees. Although it may be persuasively argued that subdivision 2 of section 254 of the Real Property Law refers only to a situation arising prior to maturity of the mortgage, in the instant case no distinction can be made because, as previously stated, the maturity date was extended by the provisions of section 1077-a of the Civil Practice Act, with the same force and effect as though the same had been extended contractually.

Upon the default in the payment of interest on June 1, 1938, the unpaid principal which was due and payable six months after the expiration of the period of emergency did not at once become due and payable *ipso facto,* but only would have so accelerated at the option of the holder of the mortgage. Had no action been instituted by the plaintiff to recover the principal sum or had the plaintiff not by the commission of some overt act exercised her option to declare the holder of the principal sum immediately due, the Statute of Limitations would not have commenced to run against her until six months after the termination of the emergency on July 1, 1946. There is no attempt made by the moving defendants to show the exercise of any such option by the plaintiff prior to the commencement of the present litigation on the 17th day of May, 1945.

The plaintiff's attorney in a letter to the court, dated July 3, 1945, styled as a supplemental brief, concedes that the plaintiff might have instituted a separate action to recover the interest payments due June 1, 1938, and December 1, 1938, respectively (*Union Trust Co. of Rochester* v. *Kaplan,* 249 App. Div. 280), and to that extent consents that any claim to recover these two amounts be barred by the Statute of Limitations.

With respect to the interest payments due under the plaintiff's bond on June 1, 1938, and December 1, 1938, this motion is granted on consent; otherwise the same is in all respects denied, with leave to the defendants to plead to the plaintiff's

complaint within ten days after service of a copy of the order to be entered hereon, with notice of entry. (Civ. Prac. Act, § 283.) Settle order on notice.