### HANSELMAN v. BROAD.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

1. LANDLORD AND TENANT—USE OF PREMISES—INJURIES TO TENANT.

The landlord of a tenement building was not liable for injuries to a tenant owing to the fall of a clothes pole in the yard when the tenant was hanging clothes on the line attached to the pole, unless he had some notice of the rotten condition of the pole, or there were circumstances equivalent to notice.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 641.]

2. EVIDENCE—SIMILAR OCCURRENCES—SHOWING KNOWLEDGE — ADMISSIBILITY.

Evidence that another pole similar to the one in question and set out at the same time had previously fallen was properly admitted on the question of notice.

3. WITNESSES—CONTRADICTING WITNESS—FORM OF QUESTIONS.

In an action for injuries plaintiff's daughter on cross-examination testified that she did not state to defendant's representative that her mother's false teeth were broken, and that she wanted a certain sum to pay for them, and the representative was asked whether he had any conversation with the daughter relative to the mother's injuries, which was unsuccessfully objected to as improper in form. Objections were then sustained to questions as to whether the daughter stated what injuries had been sustained, and whether she said anything about her mother's false teeth having been injured. *Held* that, in view of the proper objection to the first question, there was no error in sustaining the objections, as the rulings but held counsel to the rule that a contradicting witness should be asked the precise question put to the principal witness.

Appeal from Trial Term, Kings County.

Action by Margaret Hanselman against Louise R. Broad. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Frederick H. Sanborn, for appellant.

John F. Carew, for respondent.

JENKS, J. The plaintiff was a tenant in the defendant's tenement house. When she was hanging washed clothes from a window on a clothes line that ran from the window to a clothes pole in the yard, the pole fell over and struck her. She complains of the "carelessness and negligence of the said defendant in maintaining the said clothes pole in a defective and dangerous condition, liable to fall, in erecting the same improperly, and in permitting the same to become decayed and weak." The plaintiff showed by a witness who was a pile driver by trade that a pole left in the ground rots at the top of the earth, right at the earth line. Speaking from observation of a piece of spruce which he had taken from the yard, he testified that it had "rotted in over an inch." He testified that at the earth line the stump was between 8 and 10 inches in diameter, and that the rot had gone in an inch. He further testified that the tests for rottenness were easy, and could be made by axe or gimlet. It appeared that the pole had been set up for six years.

I think that the rule of liability is well stated in Alperin v. Earle, 55 Hun, 211, 8 N. Y. Supp. 51, by Barrett, J.:

"The rules applicable to public halls and stairways in such buildings govern here. The landlord is responsible for injuries to his tenants resulting from the dangerous condition of those parts of the building which he reserves for the common use, and over which he retains control, but only when he has been guilty of actual negligence with regard thereto. To bring him within this rule 'it must appear,' as was said in Henkel v. Murr, 31 Hun, 30, 'that with some notice of the condition of things, or under some circumstances equivalent to notice, such as an unreasonable omission to ascertain the condition, he had failed to make the necessary repairs or changes called for by the condition or exigency.' This is the fair rule."

The learned trial court submitted to the jury the question whether there were "circumstances which ought to have waked up" the defendant. The circumstances were those attendant upon the previous fall of another clothes pole. The appellant insists that the testimony thereof was erroneously admitted over her objection, and this is the principal question of her appeal. It appeared that the defendant owned two tenement houses side by side, built at the same time and alike, and that two poles were set out at the same time, each in one of the yards. There is evidence that pole No. 1 fell down shortly before the time of this accident, that it was "just like" pole No. 2, and was of the same size, and that it broke off at the base, just like pole No. 2.

The precise question is whether the fall of that pole, without any apparent outside agency for its fall, might naturally call the attention of the owner, in the exercise of due care, to the danger of a fall of No. 2. I think that such evidence was competent on the question of notice, and it was upon this ground that it was admitted and submitted. Brady v. M. R. Co., 127 N. Y. 46, 49, 27 N. E. 368; Ster v. Tuety, 45 Hun, 49; Elliott on Evidence, § 185; Cavanagh v. O'Neill, 27

App. Div. 49, 50 N. Y. Supp. 207. The criterion is the similarity of conditions (Gustafson v. Young, 91 App. Div. 433, 86 N. Y. Supp. 851), and "the similarity that is required is, in short, a similarity in essential circumstances, or, as it is usually expressed, a substantial similarity, i. e., a similarity in such circumstances or conditions as might supposably affect the result in question." Wigmore on Evidence, vol. 1, § 442. In view of the similarity in size and appearance, in age, in use, in location, in the fall, and the physical conditions, I think that the court did not err in the ruling or the submission.

The plaintiff's daughter, upon her cross-examination, had testified that she had not stated to a representative of the defendant that her mother's false teeth had been broken by the accident, and that she wanted $25 to pay for them. The defendant thereafter called the representative, and asked him whether he had any conversation with the daughter relative to the injuries to her mother. This was objected to as incompetent, immaterial, irrelevant, and improper in form. The court ruled "that may stand simply as introductory," under exception, and the witness answered that he did have such conversation. Then the counsel asked:

"Q. Did you ask Mrs. Lotz [the daughter]—did Mrs Lotz tell you what injuries her mother had sustained? Objected to; objection sustained. Q. Did Mrs. Lotz say anything to you about her mother's false teeth having been injured? Objected to; objection sustained; defendant excepts."

The witness was called to contradict. The question was not in accord with the general rule which is stated by Church, J., for the court in Sloan v. New York Central R. R. Co., 45 N. Y. 125:

"To lay the foundation for contradiction it is necessary to ask the witness specifically whether he has made such statements, and the usual and most accurate mode of examining the contradicting witness is to ask the precise question put to the principal witness. Otherwise, hearsay evidence not strictly contradictory might be introduced, to the injury of the parties, and in violation of legal rules."

If the answer had been permitted, I am not prepared to say that the ruling would have been serious error, for the learned judge further says in his opinion:

"But the practice upon this subject must be, to some extent, under the control and discretion of the court."

On the other hand, I am far from prepared to say that the ruling which but held the counsel to the rule stated was reversible error. The attention of the learned counsel had been called to the fact that the form was objectionable by the specific objection of the learned counsel for the respondent interposed to the question almost immediately preceding the one thus ruled upon.

I advise affirmance of the judgment and order, with costs. All concur.