## CORSON v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   June 15, 1906.)

MUNICIPAL CORPORATIONS — DEFECTIVE SIDEWALK — INJURY TO PEDESTRIAN—
    EVIDENCE OF OTHER ACCIDENTS—QUESTION FOR JURY.

    Where, in an action for injuries to a pedestrian in consequence of a defect in a sidewalk, the evidence showed that numerous prior accidents were caused by the defect the case must be submitted to the jury.

    [Ed. Note.—For cases in point, see vol. 36,. Cent. Dig. Municipal Corporations, § 1750.]

Appeal from Special Term, Kings County.

Action by Mary E. Corson against the city of New York.   From a judgment for defendant, plaintiff appeals.   Reversed, and judgment directed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Henry A. Powell, for appellant.

James W. Covert (James D. Bell, on the brief), for respondent.

MILLER, J.   The questions involved in this case were fully considered upon the former appeal (78 App. Div. 481, 79 N. Y. Supp. 604), and we desire to add nothing to what was then said by the court, speaking through Mr. Justice Willard Bartlett, except that the case of Mullins v. Siegel-Cooper, 183 N. Y. 129, 75 N. E. 1112, is authority for the correctness of the conclusion there reached that proof of numerous prior accidents caused by the defect complained of would have required the submission of the case to the jury.   The criticism then made by this court upon the indefinite character of the proof of such former accidents has now been met.   It was, therefore, error to dismiss the complaint, and the judgment should be reversed, with costs, and a judgment ordered for the plaintiff upon the special verdict, in accordance with section 1187 of the Code of Civil Procedure.   All concur; JENKS, J., in result.

GAYNOR, J.   In concurring I am unwilling to appear to be of opinion that proof of prior accidents is any evidence that the place was "obviously" dangerous, and negligence can be predicated only on a finding of fact that the place was "obviously" dangerous.   It is not enough that it was dangerous, which previous accidents might show to be the fact; it must be obviously dangerous to persons of ordinary prudence and foresight.   Evidence of former accidents at the same place is only admissible as notice to the defendant that the place was dangerous.   If knowledge of such accidents be brought home to the defendant, that proves notice; or if there be so many of such accidents that the defendant will be presumed by the jury to have knowledge of them in common with every one else in the neighborhood, that is notice.   Morrow v. Westchester El. R. Co., 30 Misc. Rep. 694, 63 N. Y. Supp. 16; Holzhauser v. Brooklyn Heights R. Co., 43 Misc. Rep. 145, 88 N. Y. Supp. 269.