CHARLES GASTEL, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

Streets and sidewalks — negligence of municipality — evidence of prior accidents — insufficient to sustain a charge of negligence.

Evidence of prior accidents may be received, when the question of negligence is debatable, to show that an alleged defect in a sidewalk has proved dangerous and is calculated to cause accidents, but such evidence is not of itself sufficient to sustain a charge of negligence.

Plaintiff was injured by tripping upon a sidewalk, the average difference in level between two adjoining stones for the width of the walk being

about one inch. There was no space under the upper edge in which the foot might catch and the walk was not otherwise out of repair. Evidence was admitted that other people had been tripped and fallen at the same point. *Held*, that it would be disregarding settled principles of liability to permit plaintiff to recover.

*Gastel* v. *City of New York*, 126 App. Div. 936, reversed.

(Argued November 20, 1908; decided January 5, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 12, 1908, sustaining plaintiff's exceptions taken to rulings on the trial and to the dismissal of the complaint by the court at a Trial Term, which exceptions were ordered to be heard in the first instance by the Appellate Division, and granting a motion for a new trial.

This action was brought to recover damages for the alleged negligence of the defendant in maintaining a defective sidewalk on Prospect Park West near the intersection of Sixteenth street, whereby plaintiff was tripped and injured by falling on the walk.

The evidence tends to establish that plaintiff did trip and fall at the point in question. It also establishes that for a considerable time prior to the date of the accident there had been a difference in level of the adjacent portions of the sidewalk maintained by the defendant at the point in question. This difference in level was about three-eighths of an inch at the curb and gradually increased to about one and three-fourths inches on the inner side of the walk which was nineteen feet wide. The difference seems to have been occasioned by the construction of a new walk which met the old walk at this point and on a slightly different grade. The plaintiff was quite familiar with the locality and it was reasonably lighted at the time of the accident. He seems to have been walking inside of the center line of the walk but not at the inner edge where the difference in level was the greatest. There was evidence that others had tripped and fallen at the same point and by reason of this difference in the level of the two sidewalks.

*Francis K. Pendleton*, *Corporation Counsel* (*James D. Bell* and *James W. Covert* of counsel), for appellant. The plaintiff did not make a case for the jury; the order of the Trial Term dismissing the complaint was proper and the order of the Appellate Division sustaining the exceptions thereto erroneous. (*Butler* v. *Vil. of Oxford*, 186 N. Y. 444; *Beltz* v. *City of Yonkers*, 148 N. Y. 67; *Getzoff* v. *City of New York*, 51 App. Div. 450; *Weston* v. *City of Troy*, 139 N. Y. 281; *Powers* v. *City of New York*, 121 App. Div. 433; *Urquhart* v. *City of Ogdensburg*, 91 N. Y. 67; *Monk* v. *Vil. of New Utrecht*, 104 N. Y. 552; *Watson* v. *City of Kingston*, 114 N. Y. 88; *Paine* v. *Vil. of Delhi*, 116 N. Y. 224.)

*Robert Stewart* for respondent. The city authorities were chargeable not only with constructive notice of this defect from lapse of time, but of actual notice, both of the defect and its dangerous character. (*Rehberg* v. *Mayor, etc.*, 91 N. Y. 137; *Ehrgott* v. *Mayor, etc.*, 96 N. Y. 271; *Harrington* v. *City of Buffalo*, 121 N. Y. 147; *Wood* v. *Morehouse*, 45 N. Y. 368.)

HISCOCK, J. The determination of this action would be controlled beyond debate by our decision in *Butler* v. *Village of Oxford* (186 N. Y. 444), except for one feature which is claimed to distinguish it from that case. In the *Village of Oxford* case there was no evidence of prior accidents at the point where the plaintiff stumbled and fell, whereas in this case there is evidence that other people had been tripped by the alleged obstruction. It is true that some of this testimony is so extravagant as to create a strong and immediate distrust of its truthfulness and accuracy, but of course this question of veracity would be for the jury, and if the evidence is sufficient on its face to differentiate this case from the other and take it to the jury the decision of the learned Appellate Division must be affirmed. We do not think, however, that it is thus sufficient.

2

When an alleged defect or obstruction is of such a character that it possibly may be made the basis of an action for negligence and the question is debatable which way the decision shall go, evidence of prior accidents very well may be received and utilized for the purpose of showing that tested by actual experience it has proved dangerous and naturally calculated to cause accidents. This evidence of prior accidents cannot, however, be sufficient of itself to sustain a charge of negligence and to lay the foundation for damages because of the maintenance of some particular construction of pavements, sidewalks or buildings. There must be evidence of such a fundamental condition of the thing under scrutiny as will at least permit the inference that the party complained of has failed to discharge the duties reasonably and fairly imposed on him by law. If the full description of the alleged defect in a municipal case shows that it was of such a trivial character that it was not naturally dangerous and must almost inevitably occur in the many street miles of a city unless a grievously burdensome degree of care and expense is to be exacted, a recovery will not be allowed even though witnesses have testified to prior accidents. The familiar rule of *damnum absque injuria* will be applied, and travelers' mishaps will be charged to their own carelessness or to unavoidable mischance rather than to the treasury of the city. We think that such is the present case. We have had a description of the sidewalk complained of. The difference in level was small, averaging for the entire width of the walk about one inch. There was no space under the upper edge in which the foot might catch, and the walk was not broken or otherwise out of repair. We think we may take judicial notice of the fact which ordinary observation discloses that there is scarcely a rod in the streets of any city in which there may not be discovered some little unevenness or irregularity in sidewalks, crosswalks, curbs or pavements. As the result of various causes, climatic and otherwise, they are constantly occurring and recurring. Ordinarily they cause no difficulties, and it would require a vast expenditure of money to remove them

all.   The recent tendency of the law as evidenced by legislative enactment has been in the direction of making less rather than more stringent the rules of municipal liability in such cases, and directing our considerations to the precise facts here presented, we think that we should be disregarding those principles of liability which are justified by reason and public policy if we should permit a recovery.

The order of the Appellate Division should be reversed, plaintiff's exceptions overruled and judgment entered on the order of the Trial Term dismissing plaintiff's complaint, with costs to appellant in all the courts.

CULLEN, Ch. J., GRAY, HAIGHT, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Order reversed, etc.