### DEMPSEY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 30, 1910.)

MUNICIPAL CORPORATIONS (§ 821*)—STREETS—INJURIES—ACTIONS—JURY QUESTION—NEGLIGENCE.

A piece of flagstone was removed from the middle of a sidewalk, forming a hole from three inches deep on the sides to six inches deep in the middle, which remained in that condition for 11 months, when plaintiff stepped into it on a dark night and was injured. It appeared that similar accidents occurred almost daily. Held that, even if the city were not negligent as a matter of law in permitting the sidewalk to remain in such condition, the question of its negligence was for the jury.

[Ed. Note.—For other cases, see Municipal Corporations; Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

Appeal from Trial Term, New York County.

---

Action by Julia A. Dempsey against the City of New York. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

G. W. Hopkins, for appellant.

Theodore Connoly, for respondent.

MILLER, J. A piece of flagstone about 2x4 feet in dimensions was removed from the middle of the sidewalk in front of premises No. 690 East 143d street, and a hole was formed, varying from 3 inches on the sides to 6 inches deep in the middle. That hole had remained there for 11 months, when, on a dark night, the plaintiff stepped into it and received injuries from the fall thus caused, for which this action is brought.

Unless municipalities are to be absolutely immune from damages. caused by defective streets and sidewalks, the questions in this case were for the jury. It seems to me that, as a matter of fact, the negligence of the defendant is not even debatable; but, if it were, the plaintiff supplied the necessary proof by showing that similar accidents were of daily occurrence. The learned trial court dismissed the complaint on the authority of Gastel v. City of New York, 194 N. Y. 15, 86 N. E. 833, 128 Am. St. Rep. 540; but, so far from supporting the nonsuit, the opinion of Judge Hiscock in that case shows that this case should have been submitted to the jury.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.