MATTIE BRYANT, Appellant, *v.* THE VILLAGE OF POTSDAM, Respondent.

Van Kirk, P. J., Hinman, Whitmyer and Hill, JJ., concur; Hasbrouck, J., dissents, with an opinion.

HASBROUCK, J. (dissenting). Over the Raquette river in the village of Potsdam a concrete bridge had been built. It provided a walk for pedestrians. It was smooth. Slabs from the surface of this walk were removed in October, 1926, to

permit the relaying of a water main. When the slabs were replaced they left a barrier two inches above the smooth pavement which the pedestrian faced as he walked into the west. The plaintiff at about five o'clock on the evening of August 15, 1927, in walking from the village to her home across the Raquette river, tripped upon that barrier and fell and injured her arm. In the case of *Gastel* v. *City of New York* (194 N. Y. 15), relied upon by the defendant, respondent, to support the nonsuit and dismissal of the complaint, the court says: " The difference in the level * * * of the walk averaged about one inch * * * and the walk was not broken or otherwise out of repair." Among the considerations upon which decisions turn in these cases are those suggested by Judge Hiscock in *Butler* v. *Village of Oxford* (186 N. Y. 444, 447), where he says for the Court of Appeals: " It is a matter entitled to some consideration that the situation complained of was not the result of breakage or wear which had impaired the original condition of the walk, and which fact of itself sometimes quite strongly suggests the inference of negligence." In the case at bar the village itself had broken the walk and left it in a dangerous condition. The conclusion of the trial court that the condition was trivial does not seem to have the support of the authorities above quoted. Anent the rule of negligence it is further said in the *Gastel Case* (*supra*): The most recent statement of the rule is " there must be evidence of such a fundamental condition of the thing under scrutiny as will at least permit the inference that the party complained of has failed to discharge the duties reasonably and fairly imposed upon him by law." Herein the duty imposed upon the defendant was to restore the sidewalk to its original condition. There appears no reason in the evidence for its failure so to do, except the anticipation that the walk as replaced in time would settle into its original position. The situation thus remains that the municipal authorities in the face of a duty to lay a level walk failed to do so and laid a segment thereof the edge of which was two inches higher than the original walk as laid. The recurring question is, was the walk in that condition dangerous? That is a question of fact. The court has turned it into a question of law by calling it trivial. It seems to me that a condition in a public sidewalk which could create an injury as severe as that suffered by the plaintiff is greatly underestimated in calling it trivial. One rule of negligence should be applied to defects or unevenness in the unpaved village or outlying city streets and another to defects or unevenness in streets upon which traffic is concentrated and has been lulled into security by the smoothness of a pavement. The case turned upon the proposition as to whether or not the defendant had been negligent and not at all upon the question as to whether the plaintiff had been guilty of contributory negligence. I vote for a reversal and a new trial.