STANLEY STEPNIEWSKI et al., Appellants, v. CITY OF NEW YORK et al., Respondents.— Action to recover damages for personal injuries suffered by plaintiffs as a consequence of a collision at a street intersection between a trolley car and an automobile in which plaintiffs were passengers.  Order setting aside verdicts in favor of the plaintiffs as against the weight of the evidence unanimously affirmed, with costs.  No opinion.  Present — Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ.

## (January 31, 1944.)

SALVATORE ARGURIO et al., Appellants, v. MIDTOWN CAB CORPORATION, Respondent.— Action to recover damages for personal injuries, for property damage and for loss of services, sustained as the result of the collision between two automobiles, in one of which five of the plaintiffs were passengers.  Judgment entered upon the dismissal of the complaint at the close of the plaintiffs' case reversed on the law and the facts and a new trial granted, with costs to abide the event. In the interest of justice there should be a new trial at which the proof that defendant's taxicab was involved in the collision and the questions of negligence and contributory negligence may be more clearly developed.  Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

MARY CARDINALE, as Administratrix of the Estate of GASPAR CARDINALE, Deceased, Respondent, v. CARDINALE MACARONI MANUFACTURING CO., INC., Appellant.— Order denying the defendant's motion to dismiss the complaint as being insufficient in law on the face thereof, and for failure to set forth facts sufficient to constitute a cause of action, affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within ten days from the entry of the order hereon.  No opinion.  Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

MARGARET HYNES, Appellant, v. RAILWAY EXPRESS AGENCY, INC., Respondent.— Action to recover damages for personal injuries sustained by plaintiff when an automobile in which she was a passenger came in contact with a traffic light stanchion located in the roadway of South Street at or near the intersection of Fulton Street, Manhattan.  Plaintiff claims that the automobile skidded into the stanchion because of a slippery, oily and slimy condition of the roadway, caused by the defendant in the handling of shipments of fish at a shed maintained by the defendant in the roadway under a permit issued by the city of New York.  Judgment in favor of defendant reversed on the law and new trial granted, with costs to appellant to abide the event.  The court erred in refusing to permit plaintiff to prove the happening of similar accidents at the place in question, and that the conditions which obtained in the roadway at the time of the prior occurrences were similar to those which prevailed on the night plaintiff sustained her injuries.  Close, P. J., Johnston and Lewis, JJ., concur; Hagarty and Adel, JJ., dissent and vote to affirm.