FERNANDO E. BRUSH, Claimant, *v.* STATE OF NEW YORK, Defendant.

(Claim No. 27990.)

CATHERINE L. DRISCOLL et al., as Administratrices of the Estate of ELIZABETH V. DRISCOLL, Deceased, Claimants, *v.* STATE OF NEW YORK, Defendant.

(Claim No. 28265.)

Court of Claims, January 7, 1948.

*William E. Night* for Fernando E. Brush, claimant.

*Hugh J. Heffern* and *William E. Night* for Catherine L. Driscoll and others, as administratrices of the estate of Elizabeth V. Driscoll, deceased, claimants.

*Nathaniel L. Goldstein, Attorney-General (Arthur W. Mattson* and *Frank M. Noonan* of counsel), for defendant.

Greenberg, J.   These are claims to recover damages for personal injuries and property damage sustained by the claimant, Fernando E. Brush, and for the death of Elizabeth V. Driscoll, claimants' intestate, 'in the companion claim, arising out of an automobile accident on September 18, 1945, at 5:30 p.m., in the town of Kirkwood, N. Y.

While rapidly proceeding northerly on the State highway, Route 11, at a point approximately 350 feet north of the Pennsylvania State line, the automobile operated by claimant Brush started to skid.   He thereupon applied his brakes, causing the automobile to further skid and get out of complete control, cross the highway and collide with the automobile in which Elizabeth V. Driscoll was a passenger and which was then proceeding in a southerly direction.

It is the claimants' contention that the accident was caused solely by the negligence of the State in the construction and maintenance of the highway at the scene of the accident and the slippery condition of the macadam surface of said highway. It had been raining rather hard at the time of the accident and for some time prior thereto and the proof of negligence submitted herein is mainly that of a slippery surface. It is further urged that the Pennsylvania road, a continuation of Route 11 southerly, was of concrete construction, and when wet, far less slippery than the macadam road (Route 11), and hence cars proceeding northerly on the wet pavement faced an unusual and hazardous condition on entering New York. Claimants sought to establish such fact by evidence of prior accidents on this same stretch of highway and the existence of a " Slippery When Wet " sign some 600 feet north of, rather than at, the Pennsylvania line.

The occurrence of the prior accidents and the erection of the sign took place prior to June, 1945, at which time the State had applied to the road a light surface treatment, consisting of a combination of crushed stone and asphalt emulsion coating in a formula which was the proper and accepted practice used by the State of New York as well as other States. Moreover, there was not a scintilla of proof as to the cause of such prior accidents (*Wesley* v. *State of New York,* 272 App. Div. 990), their similarity to the instant case, or the necessity for any signs at the time of the accident at any point on said highway after the repairs to the road had been made.

Negligence cannot be inferred from the fact that the car skidded or that the accident happened. (*Lahr* v. *Tirrill,* 274 N. Y. 112; *Galbraith* v. *Busch,* 267 N. Y. 230; *Wesley* v. *State of New York, supra.*) In *Gastel* v. *City of New York* (194 N. Y. 15) the court stated at page 18: " When an alleged defect or obstruction is of such a character that it possibly may be made the basis of an action for negligence and the question is debatable which way the decision shall go, evidence of prior accidents very well may be received and utilized for the purpose of showing that tested by actual experience it has proved dangerous and naturally calculated to cause accidents. This evidence of prior accidents cannot, however, be sufficient of itself to sustain a charge of negligence and to lay the foundation for damages because of the maintenance of some particular construction of pavements, sidewalk or buildings. There must be evidence of such a fundamental condition of the thing under scrutiny as will at least permit the inference that the party

complained of has failed to discharge the duties reasonably and fairly imposed on him by law. If the full description of the alleged defect in a municipal case shows that it was of such a trivial character that it was not naturally dangerous and must almost inevitably occur in the many street miles of a city unless a grievously burdensome degree of care and expense is to be exacted, a recovery will not be allowed even though witnesses have testified to prior accidents. The familiar rule of *damnum absque injuria* will be applied, and travelers' mishaps will be charged to their own carelessness or to unavoidable mischance rather than to the treasury of the city."

Claimants having failed to prove that the State was negligent, the claims must be dismissed.