Middleton, J.
The defendant, city of Cincinnati, is charged with negligence in the performance of the duties imposed by Section 3714, General Code, which provided:
‘ ‘ Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law. The council shall have the care, supervision and control of * * * streets, avenues, alleys, sidewalks, * * * within the corporation, and shall cause them to be kept open, in repair, and free from nuisance.”
The city’s answer consists of a general denial and a charge of contributory negligence.
The petition does not charge the existence of an absolute nuisance. The alleged violation of the statutes of Ohio is that the city was negligent. The nuisance, therefore, if such existed, was only a quali *372 fed nuisance. See Taylor v. City of Cincinnati, 143 Ohio St., 426, 55 N. E. (2d), 724, 155 A. L. R., 44.
Although the answer charges contributory negligence, the general denial raises the issue of primary negligence on the part of the city and we prefer to face that issue as the controlling question. It is whether there was any substantial evidence of negligence on the part of the city indicating a failure to discharge the obligations placed upon it by the provisions of Section 3714, General Code, such as to require submission to the jury.
Cases of this kind are not uncommon and are to be found among the reported cases of .almost every state in the Union. Although it is true that the statutes of some states differ from those of Ohio, and some states have no statutes analogous to those of Ohio, it is nevertheless true that the basic principles governing the cases of other states are the same as those which must govern an Ohio case in which the claim of liability is based upon negligence on the part of the city. It is not possible within reasonable limits to discuss the multitude of cases of other states. A review of those cases develops that in at least 20 states the courts have withdrawn from the jury the question of negligence of the municipality where the condition resulting from the alleged negligence was merely a difference in the heights of the sections of sidewalk. In this group of cases the variation in height ranged from one-fourth inch to six and one-half inches. On the other hand in at least 35 states we find cases in which the question of negligence was submitted to the jury. These states include some in which, as stated above, the question of negligence was not submitted to the jury. It is interesting, however, to observe that in the very great majority of cases where the question was submitted to the jury the variation in height exceeded that involved in the instant case.
*373 A comprehensive annotation on this subject appears in 119 A. L. R., 161 et seq., and there are many additional decisions on the subject which have not been collected in an up-to-date annotation. From the many decisions on the subject we do not propose to adopt any maximum variation in height as the boundary line between a condition not due to negligence and one which should be submitted to a jury. We do, however, attach significance to the long list of decisions in which the courts recognized the principle that municipalities are not to be charged with negligence merely because of some slight variation in the heights of sections of a sidewalk. That principle is in accord with previous decisions of this court. It has long been settled in Ohio that a municipal corporation is not an insurer of the safety of its streets and sidewalks. City of Dayton v. Glaser, 76 Ohio St., 471, 81 N. E., 991, 12 L. R. A. (N. S.), 916; Gibbs v. Village of Girard, 88 Ohio St., 34, 102 N. E., 299; Deckant v. City of Cleveland, 155 Ohio St., 498, 99 N. E. (2d), 609. The same statement of the law appears in the opinion, though not in the syllabus, of City of East Cleveland v. Wald, 103 Ohio St., 373, 379, 133 N. E., 798.
By the same line of authorities it is established that a municipal corporation is charged with the duty of keeping its streets and sidewalks free from nuisance and in a reasonably safe condition.
If, as previously held by this court, the city is not an insurer of the safety of sidewalks, there must be some variation in height of sections of sidewalks because of which, as a matter of law, the city can not be charged with negligence. If this is not true, the statement that the city is not an insurer is practically meaningless. That variation in height of sections of sidewalk is a condition existing in practically all parts of every city is universally known. In that connection we quote with approval the following statement contained in the *374 opinion of Hiscock, J., in Gastel v. City of New York, 194 N. Y., 15, 86 N. E., 833, 128 Am. St. Rep., 540 (In that case the variation in height was from three-eighths to one and three-fonrths inches):
“We think we may take judicial notice of the fact which ordinary observation discloses that there is scarcely a rod in the streets of any city in which there may not be discovered some little unevenness or irregularity in sidewalks, crosswalks, curbs, or pavements. As the result of various causes, climatic and otherwise, they are constantly occurring and recurring. Ordinarily they cause no difficulties, and it would require a vast expenditure of money to remove them all. The recent tendency of the law as evidenced by legislative enactment has been in the direction of making less rather than more stringent the rules of municipal liability in such cases, and, directing our considerations to the precise facts here presented, we think that we should be disregarding those principles of liability which are justified by reason and public policy if we should permit a recovery.”
It is the judgment of this court that the condition of the sidewalk here under consideration must be considered a slight defect which, as a matter of law, did not form a basis of a charge of negligence on the part of the eity. Consequently, there was no question of fact to be submitted to the jury. The motion of the defendant for a directed verdict at the close of plaintiff’s evidence should have been sustained.
The judgment of the Court of Appeals is reversed, and final judgment is rendered for the defendant.

Judgment reversed.

Weygandt, C. J., Taet, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.