**Walter G. HAYES, as Administrator of the Goods, Chattels and Credits of Helen Hayes, Deceased, Plaintiff-Appellee,**

v.

**The LANE CONSTRUCTION CORPORATION, Defendant-Appellant.**

**No. 45, Docket 25157.**

United States Court of Appeals Second Circuit.

Argued Oct. 10, 1958.

Decided Oct. 21, 1958.

John M. Henley, Syracuse, N. Y. (Vincent A. O'Neil and Costello, Cooney & Fearon, Syracuse, N. Y., on the brief), for defendant-appellant.

Eugene M. Hanson, Utica, N. Y., for plaintiff-appellee.

Before CLARK, Chief Judge, and MEDINA and LUMBARD, Circuit Judges.

PER CURIAM.

The defendant appeals from a judgment entered by Judge Brennan, Northern District of New York, on a jury's verdict for the plaintiff for $27,500 in a wrongful death action under the New York Decedent Estate Law, § 130 et seq. jurisdiction over which was based on diversity of citizenship.

Helen Hayes was killed in an automobile accident on May 20, 1957 on Route 12 near Trenton, New York. At the time a 3.7 mile strip of Route 12 was being wid-

**280**

ened by the defendant from two lanes to four lanes, while north of this construction, where the accident occurred, Route 12 was a four lane divided highway. At the point where the defendant's job ended and the existing four lane highway began, northbound traffic was required to shift over to the right, since the two lane road, running alongside the construction work, was directly in line with the southbound lanes of the four lane divided highway.

At about 9:25 P.M. on the day in question as the decedent was driving her car north on Route 12, she went up the two lane road past the construction site and apparently missed the changeover strip despite a "Keep Right" sign. She continued along the southbound side of the highway some nine-tenths of a mile past the turn off and collided head-on with a southbound vehicle driven by one James Thomas.

■ The evidence was sufficient to pose for the jury the question of whether the defendant was negligent in not adequately indicating that northbound traffic should go to the right to avoid the southbound traffic. Although the defendant had placed a lighted pot flare near the "Keep Right" sign which bore a red arrow and had placed a line of yellow traffic cones on the easterly or right edge of the path for northbound traffic, there was evidence that these markers may not have been enough as many other motorists, including the rescue tow truck which drove up just a few minutes after the accident, failed to make the turn.

■ The evidence that other northbound drivers also missed the turn despite the "Keep Right" sign was clearly relevant on the issue of whether the turn was properly marked, as the conditions of the other occurrences were sufficiently similar. Gastel v. City of New York, 1909, 194 N.Y. 15, 18, 86 N.E. 833; Burns v. City of New York, 2 Dept. 1947, 272 App.Div. 1063, 76 N.Y.S.2d 439; Richardson on Evidence § 201 (6 Ed. 1955).

Affirmed.