LILLIAN KAPLAN et al., Respondents, *v.* CITY OF NEW YORK, Appellant.

First Department, April 19, 1960.

*Eugene J. Keefe* of counsel (*Seymour B. Quel* with him on the brief; *Charles H. Tenney, Corporation Counsel,* attorney), for appellant.

*Jacob D. Fuchsberg* of counsel (*Abraham Fuchsberg* and *B. Hoffman Miller* with him on the brief; *Jacob D. Fuchsberg,* attorney), for Bobbie Green and others, respondents.

*Isidor Enselman* of counsel (*Louis Solomon* with him on the brief; *Louis Solomon,* attorney), for Lillian Kaplan, respondent.

STEVENS, J. The plaintiffs were passengers in a private taxicab owned and operated by one Lomio. The taxicab collided with a pillar supporting an elevated transit railroad overpass on Baychester Avenue in The Bronx, causing certain injuries to the plaintiffs. Suit was instituted against Lomio, the driver of the cab, and the city. Judgment was rendered against both defendants. Lomio did not appeal. The city appealed, and the

matter was reversed as to it (*Kaplan* v. *City of New York,* 6 A D 2d 489), because of the receipt of improper testimony of prior accidents. The court said " [i]t is not proper, however, to offer such testimony unless it is first shown that the circumstances attending the earlier accidents were sufficiently similar to the relevant conditions prevailing at the time of the later accident " (p. 491). On the retrial, judgment was rendered against the city, and it is from that judgment that the defendant now appeals.

The defendant contends that the plaintiffs failed to prove the existence of a dangerous condition, and that the trial court committed error by (a) admitting evidence concerning unrelated dissimilar accidents which happened at the scene; (b) permitting the reading of testimony of a witness at the first trial; and (c) permitting into evidence a notice of claim, a complaint and a bill of particulars in totally unrelated actions. It contends also that the verdicts are excessive.

The respondents assert that the negligence of the defendant was established by clear and overwhelming proof; that at most it was a question of fact properly resolved by the jury. Respondents assert further that proof of prior accidents was properly admitted and similarity of previous conditions clearly established, and that the verdicts are not excessive.

As is frequently the case, there is little difficulty in enunciating the rule, the problem arises upon its application. Evidence of prior similar accidents is admissible when offered to prove the existence of a defective or dangerous condition, to prove notice, and to prove proximate cause or actionable negligence when the highway or object was in substantially the same condition as at the time of the negligence complained of and the circumstances were substantially the same (*Annino* v. *City of Utica,* 276 N. Y. 192; *Gastel* v. *City of New York,* 194 N. Y. 15; Richardson, Evidence [8th ed.], § 201; 65 C. J. S., Negligence, § 234; *Kaplan* v. *City of New York,* 6 A D 2d 489). See *Burns* v. *City of New York* (272 App. Div. 1063) where a judgment for defendant was reversed because of error in excluding proof of prior accidents (*Hynes* v. *Railway Express Agency,* 267 App. Div. 835; *Hanselman* v. *Broad,* 113 App. Div. 447).

In *Kaplan* v. *City of New York* (*supra*), the court pointed out " The relevancy of the conditions [as to prior accidents] is determined by the issues as presented in the case " (p. 491). The issues presented by this case involve (a) what duty, if any, was owed by the defendant to these plaintiffs? The city owed the duty of so constructing and maintaining the pillar that it

would be in a reasonably safe condition for use by the prudent driver traveling at a reasonable rate of speed even in an emergency. Expressed somewhat differently — was the pillar so marked, maintained, lighted, or projected by reason of street or other lighting that it was, could be, or should have been seen at a reasonable distance by one operating a car at a reasonable rate of speed? Or when, though in fact an operator of a car be found negligent, the accident, absent such negligence, still would have occurred under the circumstances and conditions then existing because the pillar constituted a peril or hazard to those lawfully using the highway. (b) Was there a breach of that duty? (c) If so, did that breach concurrently cause the injuries for which these plaintiffs seek compensation? Since the driver of the car has already been found negligent by reason of the judgment not appealed from, our inquiry as to (c) is limited to concurrent cause. Therefore, the similarity of prior accidents relevant here must be within the framework of the issues enumerated. What, if anything, did the city do or fail to do which fixes its responsibility for this accident? Was there any act or omission which so contributed to the accident that even the exercise of due care by the operator could not have prevented the occurrence?

Evidence of prior accidents to show a dangerous condition becomes relevant when from such evidence it appears that the pillar and the approach to the pillar were so constructed or maintained that such accidents occurred though the drivers of the vehicles involved were operating at a reasonable rate of speed under the physical conditions then existing. Such conditions existing at the time of prior accidents to be relevant must have been substantially similar to those existing in this case. The mental and physical condition of the driver, the mechanical condition of the car, its method of operation, etc., all may be or become relevant dependent upon the issues of the case.

It is material also where the accident complained of is the result of a collision with an existing object to negative the negligence of the operator, or to show that despite his fault the accident could not have been avoided by reason of the location, condition or characteristics of the object which proximately caused the accident as a concurrent factor.

When this is established notice may be shown from the fact of other accidents, because how the object has served becomes relevant though it does not alone establish negligence.

The plaintiffs produced a witness who testified to the location of street and traffic lights and the absence of white line

markings in the street. This was followed by the testimony of a police sergeant who did not witness the accident and was not present at the scene on May 12, 1953, the date of the accident. This witness testified that the street was about 60 feet wide from curb to curb, with an asphalt roadway projecting from either curb for a distance of about 20 feet, and the center portion was unpaved consisting of gravel, tar and stones. He testified that the unpaved portion was usually rough and rutted, and the black and white striping on the pillar usually dirty and dust covered. He was permitted to testify that he had gone to the scene on April 27, 1951 at 11:00 P.M. and on March 21, 1953, at 8:30 P.M. in connection with other accidents which occurred there.

On cross-examination the witness testified there was a street light about 20 feet distant from the pillar. He identified the picture of an amber caution light attached to the pillar which he estimated to be about 8 or 9 feet above the roadway, and testified that he could see the light from Boston Post Road, 200 to 250 feet distant.

The plaintiffs then introduced and were permitted to read into evidence, portions of a notice of claim and complaint of one Anna E. Wagner, dated May 21, 1951, on the theory of notice to the city of an alleged dangerous and hazardous condition. The fact that a notice of claim had been sent and received and that a complaint was served, might well be relevant and properly admissible, but only after the dangerous condition to which it relates has been shown. However, the plaintiffs were permitted to read the descriptive and conclusory allegations contained therein that the area " is in an unsafe, dangerous, obstructive and unpassable condition. The most westerly post pillar and supporting column of the superstructure then and there present is in such a manner and position that it constituted a nuisance of vehicular traffic; that this is an improperly lighted elevator pillar, and it constitutes a dangerous, unsafe, unlighted and unguarded position — it occupies a dangerous, unsafe, and unguarded position in said public highway; that it constitutes a menace to vehicular traffic "; was not properly marked, roadway unsafe, etc.

A like ruling was made as to certain papers in a prior accident, the *Moore* case, and a portion of the documents read to the jury. No attempt was made in either case to offer independent proof of what caused the accidents, whether human frailty, mechanical defect, or physical obstructions. (In fact an offer of proof by the defendant that three-plus alcohol was

found in the brain of Moore was excluded.) Nor were Wagner or Moore produced to testify or be subjected to cross-examination. The contents of the documents beyond title, proof of service, etc., in such circumstances were hearsay evidence, and the admission thereof was clearly prejudicial. Its effect, despite disclaimer, was to go far beyond proof of notice and tended to establish the existence of a claimed dangerous condition. The mere happening of an accident is not in and of itself proof of negligence, nor proof of freedom from contributory negligence. Proof of similar dangerous conditions attending or proximately causing prior accidents upon which plaintiff seeks to rely may be by testimonial or documentary means or a combination of both. But when testimonial in the sense that descriptive allegations of the parties are relied upon, or the natural result of their introduction in evidence is to prove both a dangerous condition and proximate cause, the parties claimant in such cases should be produced and available for cross-examination. There was no preliminary proof of similar circumstances attending the *Wagner* and *Moore* accidents.

In our view the admission into evidence of the contents of the papers, as distinguished from proof of the fact of filing and service thereof, constituted prejudicial error requiring reversal and a new trial. Again we point out that even the proof of notice would be immaterial unless it first had been established by competent evidence that a dangerous condition existed.

In *Parks* v. *City of New York* (111 App. Div. 836), on a retrial additional evidence of notice to the city of a defective sidewalk condition was offered by a policeman, Baxter, who testified from his personal observation of the shaky condition of the bridge or temporary sidewalk. He testified also that one Hess called his attention to the condition and that he made an oral report and a written report. Hess testified that he called Baxter's attention to the condition. The court held '' [n]otice to Baxter — a police officer — was notice to the city '' (p. 839), and that the verdict was not against the weight of the evidence, either as to the defective condition or as to notice. It appeared from a former trial (*Coolidge* v. *City of New York*, 99 App. Div. 175) that a city inspector, Hamel, had made several inspections of the bridge and knew its condition. There was no question but that the collapse of the bridge caused the death of plaintiff's intestate.

In the instant case the driver of the cab involved testified as to the circumstances attending the picking up of his passen-

gers, the plaintiffs herein, driving them to the intersection of Boston Post Road and Baychester Avenue, stopping there for the traffic light, a distance variously estimated at 250 to 300 feet, and asserts that from that point on he remembers nothing. Whether the pillar and caution light were visible and if he saw them does not appear from his testimony. Other accidents may well prove notice, so might Sergeant Lambert's testimony, but more than notice is required to fasten liability. Benyo's testimony given at a prior trial was read in evidence over objection on the theory of similar accident. (That was the accident of March 21, 1953.) Benyo testified he was driving alongside a truck, the truck pulled out, Benyo cut to his left and crashed into the pillar, which he had not seen. On cross-examination Benyo said the truck cut him off. Such cutting-off would seem to have been the cause of that accident.

Proof of the happening of prior accidents at a place claimed to be unsafe and dangerous, when the conditions have been shown to be similar, has frequently been held to be competent when the question of negligence is debatable, upon the ground that it tends to show that, tested by actual use, such place has been demonstrated to be unsafe. (1 Ford, Evidence, § 98.)

. '' This evidence of prior accidents cannot, however, be sufficient of itself to sustain a charge of negligence and to lay the foundation for damages because of the maintenance of some particular construction of pavements, sidewalks or buildings. There must be evidence of such a fundamental condition of the thing under scrutiny as will at least permit the inference that the party complained of has failed to discharge the duties reasonably and fairly imposed on him by law.'' (*Gastel* v. *City of New York,* 194 N. Y. 15, 18.)

In this connection it is pointed out that the circumstances of the *Wagner* and *Moore* occurrences were not given, and the accidents may well have been occasioned exclusively by the fault of the persons injured. Unless that facet be negatived it cannot be said that they were similar occurrences to prove the existence of a dangerous obstruction or condition.

While it is true that the negligence of the driver here would not necessarily exclude the city from liability, yet more must be shown than the mere happening of the occurrence. The pillar must be shown to have constituted an unreasonable and dangerous obstruction. (See *Stern* v. *International Ry. Co.,* 220 N. Y. 284; *Koehler* v. *City of New York,* 262 N. Y. 74.) And while the prior accidents relied on need not be precise in every detail, there must be '' a similarity in essential circumstances

\* \* \* a similarity in *such circumstances or conditions as might supposably affect the result in question.*'' (2 Wigmore, Evidence [3d ed.], § 442.)

Witnesses were asked if they had seen other cars at the pillar which had been in accidents and answered yes. They did not know or could not state what caused the collisions.

Occurrences and the persistence of the condition complained of are both logically probative and relevant. But definitness and accuracy upon the point of causation are essential because that is the crucial point in the city's liability. (See *Corson* v. *City of New York,* 113 App. Div. 679.)

If it be contended that the danger is in such proximity to the highway as to make traveling perilous, it should be shown that persons in the exercise of due care, and not subjected to unusual distractions, met with accidents at the scene. The plaintiffs must show an omission or failure on the part of the city inconsistent with and contrary to ordinary and reasonable foresight, apprehension and diligence, which caused the injuries of which they complain.

While other errors are shown to exist, it is not necessary that they be discussed in detail in view of our determination that a new trial is required. However, it might be noted that in our view the verdicts are excessive.

The judgment appealed from should be reversed, on the law and in the exercise of discretion, and a new trial ordered, with costs to abide the event.

RABIN, J. P. (concurring). I agree that the judgment appealed from should be reversed and that a new trial be ordered.

When we sent this case back for a new trial on the occasion of the prior appeal (*Kaplan* v. *City of New York,* 6 A D 2d 489) we said (p. 491): '' It is well settled that proof of prior accidents may be received to demonstrate that a condition is dangerous or that a defendant had notice thereof (*Annino* v. *City of Utica,* 276 N. Y. 192; *Gastel* v. *City of New York,* 194 N. Y. 15; 2 Wigmore, Evidence, §§ 458, 442, 252; 65 C. J. S., Negligence, § 234; cf. *Masciarelli* v. *Delaware & Hudson R. R. Co.,* 178 Misc. 458).''

However, in connection with this rule we then pointed out that '' [i]t is not proper, however, to offer such testimony unless it is first shown that the circumstances attending the earlier accidents were sufficiently similar to the relevant conditions prevailing at the time of the later accident. (See, e.g., *Brady* v. *Manhattan Ry. Co.,* 127 N. Y. 46; *Hanselman* v. *Broad,* 113 App. Div. 447; Richardson, Evidence [8th ed.], § 201.) ''

The courts have always required proof of similar conditions in admitting evidence of prior accidents. However, there appears to be an absence of anything definite in the cases with reference to what "conditions" are meant and how "similar" they must be. This is understandable however, since it would be impossible to set up standards which would fit the countless number of fact situations. It would appear that what "conditions" must be "similar" and the degree of such similarity must depend on the particular case involved. And, so, in our opinion in connection with the prior appeal (*Kaplan* v. *City of New York, supra*, p. 491) we said: "[t]he relevancy of the conditions is determined by the issues as presented in the case."

In this case it is sought to be shown, through prior accidents, that the pillar in question was maintained in a negligent manner so as to create a condition of danger to motorists using the street where the pillar is located. Similar conditions must be proven. Wigmore (2 Wigmore, Evidence [3d ed.], § 442) says that the similarity of conditions necessary to be shown is "a similarity in *such circumstances or conditions as might supposably affect the result in question.*" In determining whether there is requisite proof of similar conditions which must "first be shown" (*Kaplan* v. *City of New York, supra*) before we may admit proof of prior accidents, we may not disregard the condition of the driver of the automobiles involved in such accidents because such condition may "affect the result in question".

For example, if in this case it were demonstrated that a prior collision with the pillar had occurred involving a green auto as opposed to a blue one here, such difference would not be a disqualifying dissimilarity because the prior accident could still have probative value as to the dangerous nature of the condition. On the other hand, if in the prior accident the operator had been driving along while asleep such fact certainly would present such a dissimilarity as would preclude its admissibility. In such case the fact of the occurrence of the prior accident could not reasonably lead to an inference that the pillar was the cause thereof and constituted a dangerous condition.

It thus appears that in testing the admissibility of prior accidents the trial court must look to all the available facts surrounding such prior accident and determine whether an inference could reasonably be drawn therefrom that the condition complained of was dangerous.

Wigmore also states (§ 449) that the effect of a prior accident may always be explained away where some other condition was present which was likely to have caused the occurrence rather

than the condition complained of. In referring to one in a position analogous to the defendant here he states: "Thus he *explains away* the proponent's instance by showing that it does not mean what it seemed to mean. Such explanatory circumstances are always receivable in evidence." Certainly then in this case the defendant should have been permitted to submit proof as to the drunkenness of the operator of the auto in one of the prior accidents, evidence of such accident having already been received. Our prior decision did not limit the proof of similarity in any way so as to prohibit the admission of such testimony. Of course, care should be taken to prevent the specific issues in the case on trial from becoming confused because of extensive evidence relating to prior accidents. That must be controlled by the trial judge and he may find it desirable to take the evidence with respect to similarity of conditions by way of a *voir dire.*

In summary the test should be whether the facts of the prior accidents reasonably permit an inference that the condition complained of is a dangerous one. Thus here such inference may not be drawn without considering the evidence offered that a driver involved in a prior accident was intoxicated at the time of such accident.

Quite apart from the foregoing, the judgment must be reversed because in support of the proof of notice of the alleged defective condition there was admitted into evidence, in connection with a prior accident, not only the notice of claim but also the complaint and the bill of particulars used in the ensuing action. The admission of such documents was unnecessary and an examination of them indicates that such admission was highly prejudicial.

RABIN, J. P., M. M. FRANK, MCNALLY and BASTOW, JJ., concur with STEVENS, J.; M. M. FRANK, MCNALLY, STEVENS and BASTOW, JJ., also concur in the concurring opinion by RABIN, J. P.

Judgment unanimously reversed, upon the law and in the exercise of discretion, and a new trial ordered, with costs to abide the event.