■ BRIAN L. WHITER, Appellant, v STATE OF NEW YORK, Respondent.—Levine, J. Appeal from an order of the Court of Claims (Hanifin, J.), entered November 19, 1987, which granted the State's motion for summary judgment dismissing the claim.

Claimant was seriously injured on July 24, 1983 at approximately 1:15 A.M. after being involved in an automobile accident on United States Route 20 in the Town of Richfield, Otsego County. Claimant was a passenger on a motorcycle which was being operated by William Tullock. Claimant and Tullock were traveling west on the two-lane rural highway when a pickup truck being driven by Jon Carney in the opposite lane crossed over the center line of the highway at a curve, sideswiping Tullock's motorcycle. Tullock died as a result of his injuries, while claimant had his left leg amputated at a point between his hip and knee. Carney left the scene of the accident, but was apprehended two days later and subsequently pleaded guilty to criminally negligent homicide and assault in the second degree.

Claimant commenced this action alleging that the State was negligent, *inter alia,* in failing to erect and maintain adequate warning signs, devices and guardrails at the curve and failing to properly design, construct and maintain the roadway. After discovery was completed, the State moved for summary judgment on the ground that the sole proximate cause of the accident was Carney's negligence in falling asleep while operating his vehicle. In support of the motion, the State submitted Carney's deposition testimony in which he states that he had momentarily dozed off at the time of the accident. The State also submitted the affidavit of Robert McMonigle, a traffic engineer for the Department of Transportation (hereinafter DOT), as evidence that the placement of a center line barrier along that portion of Route 20 would be hazardous.

In opposition to the State's motion, claimant submitted his attorney's affidavit alleging that the State's negligence was a

concurring proximate cause of the accident. The attorney's affidavit also set forth several proposals which would allegedly have made the road more safe. Claimant also submitted a DOT memorandum, written approximately six months after claimant's accident, which recommended additional warning devices along the curve and which indicated that the accident rate for that segment of the road was higher than the State-wide nonintersection accident rate.

The Court of Claims granted the State's motion for summary judgment on the ground that Carney did not attribute the cause of the accident to anything other than his own inability to remain alert. The Court of Claims also found that claimant had failed to adduce any evidentiary proof sufficient to create a factual issue concerning any alleged negligence on the part of the State. This appeal by claimant ensued.

On appeal claimant contends that the Court of Claims erred in granting the State's motion for summary judgment since there was evidence in the record sufficient to create a factual issue as to whether the State's negligence contributed to the accident. According to claimant, the geometrics of that particular curve limited visibility and the State was negligent in failing to place adequate warning signs, devices and center barriers at the curve. Claimant, however, failed to substantiate this contention through any expert testimony indicating that the road was unsafe as designed or constructed, or that the signs and warning devices in the vicinity of this curve were deficient.

Claimant also relies on the history of prior accidents at this curve as evidence of the existence of a dangerous condition of which the State had notice. In order to utilize evidence of prior accidents, claimant was required to establish that the prior accidents were caused by the same or similar contributing factors as the accident in which claimant was involved (see, *Vega v Jacobs*, 84 AD2d 813, 814; *Boulos v State of New York*, 82 AD2d 930, *affd* 56 NY2d 714). As the Court of Claims noted, only two of the prior accidents referred to in the DOT memorandum are even arguably similar to claimant's accident. These two accidents occurred when eastbound vehicles failed to negotiate the curve at nighttime, crossed the westbound lane and struck fixed objects off the northern shoulder of the roadway. Because claimant did not submit the police reports from these prior accidents, additional factors, such as the weather and pavement conditions at the time, were unknown. According to the DOT memorandum, however, both of

these prior accidents involved alcohol[*] and one also had "speed" listed as a factor. Thus, these accidents do not support an inference that they were caused by an inherent danger in the curve which rendered it unsafe for motorists exercising ordinary care *(see, Boulos v State of New York, supra; Kaplan v City of New York,* 10 AD2d 319, 325-326; *Warda v State of New York,* 45 Misc 2d 385, 388). Accordingly, the Court of Claims properly ruled that this evidence was insufficient to defeat the State's motion for summary judgment.

We have considered claimant's other contentions and find them to be equally without merit.

Order affirmed, without costs. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.

---

[*] In light of Carney's testimony that he had been drinking on the night in question, alcohol appears to have been a contributing factor in claimant's accident as well.