■ Louis Viera, Respondent, v New York City Transit Authority, Appellant. [634 NYS2d 168] —In a negligence action to recover damages for personal injuries, the defendant appeals from an interlocutory judgment of the Supreme Court, Kings County (Yoswein, J.), entered April 19, 1994, which, after a jury trial on the issue of liability finding the defendant 90% at fault and the plaintiff 10% at fault in the happening of the accident, is in favor of the plaintiff and against it.

Ordered that the interlocutory judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

The trial court improperly ruled that the defense counsel was required to lay a foundation for the introduction of an inconsistent prior statement made by the plaintiff that was used for impeachment purposes. Where the witness sought to be discredited is a party to the action, the laying of a foundation is unnecessary, as the party's statements are treated as admissions and, as such, are received as primary evidence against him or her *(see,* Richardson, Evidence § 502 [Prince 10th ed]).

Further, the court erroneously admitted the notice of claim into evidence. In the complaint the plaintiff alleged that he had complied with all the conditions precedent to commencing the action. The defendant's answer denied this allegation, except that it admitted that it had been presented with a notice of claim. At the trial, the plaintiff offered the notice of claim to establish that he had timely complied with the filing requirements thereof. Over the defendant's objections, the court redacted the references contained in the notice of claim which related to injuries and money damages and otherwise admitted the notice of claim. The notice of claim, even as redacted, contained descriptive and conclusory accusations of negligence and its admission was clearly prejudicial *(see, Kaplan v City of New York,* 10 AD2d 319).

Contrary to the defendant's contention, however, we do not find that the trial court acted in a partial manner. Moreover, under the facts of this case, there is no indication that the court coerced the jury in reaching a verdict or that the court's charge was improper.

Nevertheless, in light of the errors committed by the court, the defendant was deprived of a fair trial, and a new trial is granted. O'Brien, J. P., Pizzuto, Santucci and Joy, JJ., concur.